UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00333-DOC-DFM                     Date: May 1, 2025

Title: Mark Montano v. AutoZoners, LLC et al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):  ORDER DENYING PLAINTIFF'S MOTION TO REMAND [12]**

Before the Court is Plaintiff Mark Montano's Motion to Remand ("Mot.") (Dkt. 12). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. After considering the moving papers and the arguments made therein, the Court **DENIES** Plaintiff's Motion.

**I.  Facts**

The following facts are taken from Plaintiff's Complaint ("Compl.") (Dkt. 1-1). Plaintiff alleges causes of action against AutoZoners, LLC, ("Defendant" or "Autozone") and Does 1 through 50. Compl. ¶ 2. On December 14, 2021, Defendant hired Plaintiff as a sales manager. *Id.* ¶ 10. Plaintiff earned an hourly wage of $17.00. *Id.* Plaintiff's job duties included, but were not limited to maintaining the sales area, taking care of customers, supervising the front dek, closing and cleaning the store, doing drops, dropping money, and managing scheduling. *Id.*

Plaintiff alleges he was discriminated against on the basis of his colon cancer. *Id.* ¶ 11. Plaintiff claims he was disabled under the meaning of California Government Code § 12926. *Id.* Around September 2022, Plaintiff went on medical leave for recovery from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00333-DOC-DFM　　　　　　　　　　　　　　　　　　　　Date: May 1, 2025
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

surgeries. *Id.* ¶ 12. Plaintiff was scheduled to return to work on or around October 8, 2022. *Id.* ¶ 14. However, on October 3, 2022, Plaintiff's manager informed him that he was terminated. *Id.* ¶ 14. Plaintiff alleges this termination was discriminatory, a direct result of his colon cancer, and in retaliation for Plaintiff's requests for accommodation, disability leave, and attending doctor's appointments. *Id.* ¶ 14.

Plaintiff also claims he was denied rest breaks by Defendant. *Id.* ¶ 13. Additionally, Plaintiff claims Defendant harassed, discriminated, retaliated and terminated him on the basis of his colon cancer. *Id.* ¶ 15.

Plaintiff brings claims for (1) discrimination in violation of Cal. Gov't Code § 12940 *et seq.*; (2) harassment in violation of Cal. Gov't Code § 12940 *et seq.*; (3) failure to accommodate disability in violation of Cal. Gov't Code § 12940(m); (4) failure to engage in the interactive process in violation of Cal. Gov't Code § 12940(n); (5) failure to prevent discrimination in violation of Cal. Gov't Code § 12940(k); (6) retaliation in violation of Cal. Gov't Code § 12940(h); (7) wrongful termination in violation of several state laws; (8) violation of Business and Professions Code § 17200 *et seq*. *Id.* ¶¶ 17-108. Plaintiff alleges he is entitled to damages of "no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000)." *Id.* at 19.

## II. Procedural History

Plaintiff filed the present lawsuit in Orange County Superior Court on September 30, 2024 and Defendant was served on January 22, 2025. Notice of Removal ("Not.") (DKt. 1), at 1-2. On February 20, 2025, Defendant filed a Notice of Removal from the Orange County Superior Court to this Court. *Id.* On March 13, 2025, Plaintiff filed the present Motion to Remand the case to state court ("Mot.") (Dkt. 12). On April 14, 2025, Defendant filed its Opposition to the Motion ("Opp.") (Dkt. 15), a Request for Judicial Notice (Dkt. 16), and a Notice of Errata Correcting Opposition (Dkt. 17). Because Plaintiff failed to file a Reply before the deadline set by Local Rule 7-10 based on the hearing date of May 5, 2025, there is no Reply brief before the Court.

## III. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of

Case 8:25-cv-00333-DOC-DFM   Document 18   Filed 05/01/25   Page 3 of 6   Page ID #:233

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00333-DOC-DFM     Date: May 1, 2025
                                                                                Page 3

the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Further, "a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). Only three situations have been held to unambiguously meet this legal certainty: (1) where a contract limits recovery; (2) when a specific rule of law or measure of damages limits the recoverable amount; and (3) when independent facts show that the damages claimed were only claimed to satisfy the jurisdictional standard. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986) (internal citations omitted). In situations where the complaint leaves the amount in controversy unclear or ambiguous, the removing defendant bears the burden of proving the amount in controversy is met by a preponderance of the evidence standard. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts

Case 8:25-cv-00333-DOC-DFM   Document 18   Filed 05/01/25   Page 4 of 6   Page ID #:234

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00333-DOC-DFM                                                          Date: May 1, 2025
                                                                                                            Page 4

supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**IV.     Discussion**

Here, Plaintiff argues that the amount in controversy is not met, nor is there diversity of citizenship. *See generally* Mot. However, in his Complaint, Plaintiff expressly alleges an amount in controversy of "no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000)." Compl. at 19. Accordingly, the amount in controversy is "presumptively satisfied." *Guglielmino*, 506 F.3d 696, 699 (9th Cir. 2008). Because of Plaintiff's pleading, Plaintiff must show by a legal certainty that he is unable to recover the amount claimed. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 289; *Crum*, 231 F.3d at 1131.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00333-DOC-DFM                                                                Date: May 1, 2025
                                                                                              Page 5

Plaintiff has not made a showing that he cannot recover the amount claimed. Plaintiff merely states that Defendant's calculation of his wages was incorrect. Mot. at 9-10. Plaintiff also contends that the amount of $300,000 for damages from his complaint is speculative because it "reflects speculative damages such as front pay, restitution, noneconomic damages, unfair competition, pre-judgment and post-judgment interest, punitive and exemplary damages, attorneys' fees, and costs of suit incurred." Mot. at 10.

While the Court does not count speculative damages, Defedant has presented evidence that Plaintiff's actual damages meet the amount in controversy. Plaintiff's initial disclosures to Defendant calculated that he was owed $70,720.00 ($17.00 per hour X 40 hours per week X 104 weeks) in back pay and $106,080 in front pay. Plaintiff's Initial Disclosures, Ex. J (Dkt. 15-9). Based on Plaintiff's use of 40 hours per week at $17.00 per hour, Defendant calculates that Plaintiff would be owed $84,320 in back pay from his termination on October 3, 2022 until removal on February 20, 2025 (124 weeks). Defendant's Notice of Errata (Dkt. 17); Opp. at 11. Plaintiff has not disputed this amount. Because $84,320 in lost wages from termination until removal exceeds $75,000, the amount in controversy requirement is satisfied here.

Additionally, Plaintiff contends that Defendant did not sufficiently prove diversity of citizenship at the time of Defendant's Notice of Removal. Mot. at 12-14. Defendant, in its Notice of Removal, established by a preponderance of the evidence that Plaintiff is a citizen of the United States and citizen of California domiciled in California while Defendant is a Nevada corporation with its principal place of business in Tennessee. Notice ¶¶ 8-9. Defendant claims that Plaintiff resided – and still resides – in Anaheim, California, has a California driver's license and Social Security number, and has identified Anaheim as his domicile on multiple documents. Notice ¶ 8; Opp. at 14-16. Defendant expressly stated in the Notice of Removal that "Plaintiff *is*, *and at all times relevant has been*, a United States citizen and a citizen of California who is domiciled in California. *Id.* ¶ 8. Plaintiff does not dispute that he is a citizen of California. Plaintiff does not argue that he was or is domiciled in either Nevada or Tennessee, which would defeat diversity. Thus, Defendant has established by a preponderance of the evidence that Plaintiff is domiciled in California and diversity jurisdiction has not been defeated.

Thus, the Court finds that it has diversity jurisdiction over this matter.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-00333-DOC-DFM | Date: May 1, 2025 |
| | Page 6 |

## V. Disposition

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Remand. Oral arguments for this Motion set for May 5, 2025 are hereby removed from calendar. The parties will appear May 5, 2025 for the Scheduling Conference.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: kdu |